IN THE UNITED STATES FEDERAL DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM F. WEST | ) | CASE NO. 3:23-cv-236 |
| 19577 Johnston Road | ) | |
| Sidney, OH  45365 | ) | JUDGE: |
| | ) | |
| and | ) | **COMPLAINT** |
| | ) | |
| JUDITH WEST | ) | **JURY DEMAND** |
| 19577 Johnston Road | ) | |
| Sidney, OH  45365 | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MENARD, INC. | ) | |
| c/o Corporation Service Company | ) | |
| 3366 Riverside Drive, Suite 103 | ) | |
| Upper Arlington, OH  43221 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN DOE EMPLOYEES 1 AND 2 OF | ) | |
| MENARD, INC. | ) | |
| Names and addresses unknown | ) | |
| | ) | |
| Defendants. | | |

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiffs William F. West and Judith West are Ohio residents.

2.      Defendant Menard, Inc. ("Menards") is a business entity from Wisconsin that does

business in Ohio.

3.      Defendant Menards owns and/or operates a business located at 401 Lester Avenue,

Sidney, Shelby County, Ohio.

4.      Defendant John Doe Employees 1 and 2 of Menard, Inc. were employees of Defendant Menards at the time of the incident that is the subject of this Complaint. He and/or she was/were the employee(s) who negligently failed to block off the aisles while using a forklift or some other type of equipment to move and/or adjust inventory on a shelf in the Garden Center area of the Sidney store and negligently caused heavy bags of soil to fall off the top shelf and onto Plaintiff William F. West who was shopping in an adjacent aisle in the Garden Center. The names of these employees are unknown. Defendant Menards will in no way be prejudiced in the maintenance of its defense on the merits because of its constructive and/or actual notice of the institution of this case. Except for the inability of Plaintiffs to discover the names of Defendant John Doe Employees 1 and 2 of Menard, Inc., this action would be brought against them in their proper, true, and exact names and capacities, and said information will be provided by Plaintiffs, if necessary, when such information becomes fully known to Plaintiffs.

5.      Jurisdiction is proper in this Court because there is diversity of citizenship between Plaintiffs and Defendant Menards and the amount in controversy exceeds $75,000.

6.      Venue is proper in this Court because the events that led to the filing of this Complaint took place in Shelby County, Ohio and Defendant Menards store is in Shelby County, Ohio.

**FACTS COMMON TO ALL CLAIMS**

7.      Plaintiffs incorporate by reference all the above allegations as if fully rewritten herein.

8.      Defendant Menards owns and operates many stores in Ohio and throughout the United States of America.

9.      On August 21, 2021, Defendant Menards owned and/or operated the Menards store located at 401 Lester Avenue, Sidney, Shelby County, Ohio.

10.     Long <u>before</u> Plaintiff William F. West was seriously injured on August 21, 2021 at Defendant Menards Sidney store, Defendants Menards, by and through its employees, knew its internal policies and industry safety standards state that when a forklift is being used to stack and/or adjust inventory contained on a shelf in the store, then employees must block off the aisle where the work is taking place as well as the adjacent aisles and spotters must be used.

11.     The purpose of Menards' internal policies and the industry safety standards on this topic is to protect customers and employees from getting hurt and/or killed by merchandise falling from shelves in the store.

12.     Long <u>before</u> Plaintiff William F. West was injured while shopping at Defendant Menards Sidney store, Defendant Menards, by and through its employees, knew customers and/or business invitees of its stores had been injured and/or killed by falling merchandise in its stores in Ohio and throughout the United States of America.

13.     For example, on January 19, 2002, Maria Juarez was shopping in a Menards store in Indiana when a heavy door fell on her face because Menards employees working in an adjacent aisle were placing doors on an elevated shelf and knocked a door over.

14.     The falling door caused Mrs. Juarez to suffer a head injury and back injury and a jury returned a large verdict in her favor in her civil case against Menards.

15.     In another example, on February 18, 2005, Mary Corbett was shopping in a Menards store in Illinois when a heavy box that had been improperly placed by an employee fell on her and she suffered a herniated disc in her neck.

16.     Menards admitted fault and a jury returned a large verdict in Mrs. Corbett's favor in her civil case against Menards.

17.     Another example of Defendant Menards having prior notice took place on August 30, 2014 when Richard Colletti was shopping in a Michigan Menards store and a wooden pallet of ceramic tiles fell off a shelf, crushing and killing him.

18.      Mr. Colletti was survived by a wife and child and the wife's civil case against Menards was settled.

19.     After the Colletti incident, November 3, 2014, Richard Erkenbrack was shopping in a Menards store in Minnesota when a box fell on his head because Menards employees working in an adjacent aisle were stacking boxes on the top shelf and knocked a box over.

20.     The falling merchandise caused Mr. Erkenbrack to suffer a permanent neck injury and the jury in his civil case against Menards returned a verdict in his favor in the amount of $2,620,571.00.

21.     In summary, before Plaintiff William F. West was injured while shopping at Menards on August 21, 2021, Defendant Menards, by and through its employees, knew there had been many other similar incidents in its stores involving falling merchandise and many of these incidents resulted in injuries and/or death to customers and/or business invitees of its stores.

22.     Further, Defendant Menards, by and through its employees, knew or should have known that it was dangerous to be loading and/or stacking and/or adjusting merchandise on a shelf within the store with a forklift without using a spotter and/or without blocking off the aisle where the work was being performed as well as adjacent aisles where customers and/or employees may be located.

23.     On August 21, 2021, Plaintiff William F. West was a business invitee at Defendant Menards Sidney, Ohio store.

4

24.     An employee or employees of Defendant Menards was/were operating a forklift in the Garden Center area of the store and was/were attempting to stack and/or adjust a pallet of plastic wrapped bags of soil on top of a shelf.

25.     In the process of performing this work, the plastic ripped and approximately 6-10 bags of soil, each weighing approximately 35 lbs., fell on Plaintiff William F. West while he was shopping in an adjacent aisle.

26.     Contrary to Defendant Menards policies and procedures and industry standards, neither the aisle where Plaintiff William F. West was shopping nor the aisle where the employee or employees was/were operating the forklift was barricaded or blocked off.

27.     Contrary to Defendant Menards policies and procedure and industry standards, a spotter was not being used while this work was being performed.

28.     Defendant Menards conduct, by and through its employees, demonstrates a conscious disregard for the rights and safety of another person that has a great probability of causing substantial harm.

29.     Plaintiff William F. West was knocked to the floor by the falling heavy bags of soil and suffered the following injuries:  closed head injury/concussion; fracture of his neck at C3, C6, and C7; fractured of his thoracic spine at T2 and T4; fracture of his lumbar spine at L1; left shoulder injuries; and other injuries.

30.     Plaintiff William F. West required extensive medical treatment after this incident for his injuries, including neck surgery.

31.     A part of Plaintiff William F. West's body, the disc between his C5 and C6 vertebrae, was permanently removed during the surgery to repair the damage to his neck.

32.     Metal hardware was permanently inserted into Plaintiff William F. West's body during a surgery to repair the damage to his neck.

33.     Plaintiff William F. West now has a permanent scar on his body from the surgery that was performed to repair the damage to his neck.

## COUNT ONE

34.     Plaintiffs incorporate by reference all the above allegations as if fully rewritten herein.

35.     At all times relevant, Defendant Menards owed duties of care to Plaintiff William F. West.

36.     Defendant Menards breached these duties of care by negligently allowing its employee or employees to perform the dangerous task of stacking and/or adjusting inventory on a shelf in the Garden Center with a forklift without barricading the aisle where the employee(s) was/were working and adjacent aisles; negligently allowing its employee(s) to perform this dangerous task without a spotter; negligently failing to follow policies and procedures and industry safety standards for this task; negligently failing to warn customers of the dangerous condition that was created; negligently hiring the employee or employees who was/were involved in this incident; negligently failing to train its employees; negligently failing to supervise the employee or employees who was/were involved in this incident; and by other negligent acts and/or omissions.

37.     As a direct and proximate result of the negligence of Defendant Menards described above, Plaintiff William F. West suffered severe and permanent injuries; suffered substantial aggravations of pre-existing medical conditions; incurred past and future economic damages (medical expenses and lost income) in excess of $1 million dollars; experienced past and future

conscious pain and suffering; suffered past and future mental anguish; suffered a past and future loss of ability to do his normal and usual activities; and suffered other noneconomic and economic damages from this incident, both in the past and into the future.

### COUNT TWO

38.     Plaintiffs incorporate by reference all the above allegations as if fully rewritten herein.

39.     At all times relevant, Plaintiff William F. West and Judith West are and were husband and wife.

40.     As a direct and proximate result of the negligence of Defendant Menards described above and the resulting injuries and damages to Plaintiff William F. West, Plaintiff Judith West suffered the loss of consortium of her husband, both in the past and into the future.

WHEREFORE, Plaintiffs demand judgment, for compensatory damages and punitive damages, against Defendant Menards in an amount which exceeds $75,000, reasonable attorney fees, the costs of this action, and all other relief to which they are entitled under Ohio law.

Respectfully submitted,

/s R. Craig McLaughlin

_____
R. Craig McLaughlin (0068765)
Elk & Elk Co., Ltd.
6105 Parkland Blvd., Ste. 200
Mayfield Heights, OH 44124
Phone: (440) 442-6677
Facsimile: (440) 442-7944
E-mail: rmclaughlin@elkandelk.com
*Attorney for Plaintiffs*

**<u>JURY DEMAND</u>**

Plaintiffs request a trial by jury.

/s R. Craig McLaughlin

_____

R. Craig McLaughlin (0068765)