IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM F. WEST, et al.,          :

      Plaintiffs,

    v.                                    :

MENARD, INC., et al.,

      Defendants.               :

Case No. 3:23-cv-236

JUDGE WALTER H. RICE

---

DECISION AND ENTRY SUSTAINING MOTION FOR PARTIAL
SUMMARY JUDGMENT FILED BY DEFENDANTS MENARD, INC., ET
AL (DOC. #24)

---

Plaintiffs William F. West ("Mr. West") and Judith West ("Mrs. West") (collectively "Plaintiffs") are a married couple who filed this lawsuit against Menard, Inc. ("Menard") and two "John Doe" employees who work at Menard, Inc. (collectively "Defendants"). Doc. #1. Plaintiffs bring two claims against Defendants, seeking damages under a theory of negligence and for loss of consortium. *Id.* at PageID #6–7. Pending before the Court is a Motion for Partial Summary Judgment filed by Defendants. Doc. #24. Specifically, Defendants seek a ruling that would bar Plaintiffs' claim for punitive damages. *Id.* at PageID #279. Plaintiffs have filed a Response in Opposition to the Motion for Partial Summary Judgment, Doc. #32, and Defendants have filed a Reply. Doc. #36.

For the reasons set forth below, Defendants' Motion for Partial Summary Judgment, Doc. #24, is SUSTAINED.

## I.    Factual Background

The claims in this case stem from an incident that occurred at a Menard store in Sidney, Ohio. Doc. #1, PageID #3–4. On August 21, 2021, Mr. West was shopping at the store when a pallet holding a number of soil bags shifted, causing several of the bags to fall from an upper shelf onto Mr. West. *Id.* at PageID #5. The falling soil bags resulted from a mishap that involved a Menard employee, Mr. Bowersox, in the next aisle who had been attempting to retrieve the pallet with a forklift. Doc. #24, PageID #282. Because of the falling soil bags, Mr. West suffered injuries to his neck, spine, and other areas. Doc. #1, PageID #5.

The employee involved in the incident, Mr. Bowersox, was a relatively new employee who had been hired as a Manager-in-Training by Menard. Doc. #24, PageID #280. As part of the Manager-in-Training program, Mr. Bowersox spent time in various areas within the store and was trained on the operation of a forklift. *Id.* at PageID #280–281. The forklift training itself consisted of both classroom-based learning and hands-on experience. *Id.* at PageID #281. At the end of the training, Mr. Bowersox passed both a written test and a driving test, the latter of which involved his displaying competence in loading and moving pallets. *Id.*

On August 21, 2021, Mr. Bowersox was tasked with retrieving a pallet of soil located on an upper shelf in the Menard Garden Center. *Id.* at PageID #282. On Mr. Bowersox's first attempt to retrieve the pallet, he heard "cracking and popping" sounds which made him retreat and attempt to start the process anew. *Id.* On the second attempt, Mr. Bowersox shifted the pallet incorrectly and caused the bags of soil to fall into the neighboring aisle onto Mr. West. *Id.*

## II. Legal Standard

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; see also *Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); see also *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). Once the burden of production has so shifted, the party opposing summary

judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advoc. Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the factfinder. 10A Wright, Miller & Kane, Federal Practice and Procedure Civil 3d § 2726 (1998). In determining whether a genuine dispute of material fact exists, a

4

court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989), *cert. denied*, 494 U.S. 1091 (1990). If it so chooses, however, a court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

## III.  Analysis

The parties agree that punitive damages are permissible under Ohio law only upon a finding of actual malice. In Ohio, there are two types of malice which permit punitive damages: (1) where a person acts out of hatred, ill will, or with a spirit of revenge; or (2) where a person consciously disregards the rights and safety of others in a way that has a great probability of causing a substantial harm.[1] *Preston v. Murty*, 512 N.E.2d 1174 (Ohio 1987). Here, Plaintiff does not attempt to argue that the incident was caused out of hatred, ill will, or revenge and instead focuses on the second pathway involving conscious disregard.

Plaintiffs' argument for punitive damages rests on several facts. They emphasize that Mr. Bowersox was relatively new to operating a forklift and that this

---

[1] Under Ohio law, an employer may be liable for punitive damages if the evidence establishes actual malice on the part of the employer or if the employer "knowingly authorized, participated in, or ratified" actions of an employee that demonstrates actual malice. Ohio Rev. Code § 2315.21(C)(1).

5

was only the third time he had retrieved a pallet off the third shelf and the first time he had done so in the garden center. Doc. #32, PageID #316–17. They also point to the extent of training and the lack of direct oversight at the time of the incident as indications that Mr. Bowersox and Menard consciously disregarded the safety of others. *Id.*

Defendants do not dispute the key facts of the incident but argue that the facts do not rise to the level that would permit punitive damages. First, they posit that Menard did not act maliciously themselves. Doc. #24, PageID #284–86. To support this position, they assert that Menard was unaware of the "great probability" that injury could occur and therefore could not have consciously disregarded that probability. *Id.* Menard also argues that they cannot be vicariously liable for any malice on the part of Mr. Bowersox. *Id.* at PageID #286–89. The crux of this argument is that Menard took no action from which it can be concluded that they authorized or ratified the actions of Mr. Bowersox that day. *Id.*

Given that punitive damages can be justified against Menard in two scenarios—one where Menard itself engages in the malicious conduct and one where Menard ratifies or authorizes malicious conduct performed by Mr. Bowersox—the Court will undergo an analysis of both theories.

## A.  Menard's Potential Ratification of Mr. Bowersox's Malicious Conduct

An employer is generally liable for acts of its employees which are undertaken within the scope of employment. *Auer v. Paliath*, 17 N.E. 561, 564 (Ohio 2014). An employer may also be liable for the acts of an employee that occur outside the scope of employment when a plaintiff establishes that the employer ratified the acts of the employee. *State ex rel. Riley Constr. Co. v. E. Liverpool City Sch. Dist. Bd. Of Edn.*, 225 N.E. 2d 246, 249 (Ohio 1967). Ratification occurs when the employer, with full knowledge of the facts, acts in a manner that manifests an intention to approve the unauthorized acts of the employee. *Bailey v. Midwestern Ent., Inc.*, 658 N.E. 2d 1120, 1123 (Ohio Ct. App. 1995).

Taking the facts in the most favorable light to Plaintiffs, this Court will assume—without finding—that Mr. Bowersox's actions were malicious in their own right. With that assumption, Menard may be liable for punitive damages if Plaintiffs are able to present evidence that allows a reasonable jury to find that Menard ratified Mr. Bowersox's actions that day.

The evidence presented, however, points to the opposite conclusion. After the incident occurred, Mr. Bowersox was required to submit to a drug test, disciplined, lost pay, and was barred from operating a forklift in the future. Doc. #24, PageID #289. The only reasonable conclusion that a jury could reach from those facts is that this was an incident that Menard took quite seriously, and that

7

Menard sought to ensure it would not repeat. Therefore, no reasonable jury could find that Menard ratified the actions of Mr. Bowersox and no punitive damages could be justified under such a theory.

**B.    Menard's Potential Malicious Conduct**

For this Court to dismiss Plaintiffs' claim for punitive damages based on Menard's own conduct, Defendants must show that there is no issue of material fact which would permit a finding by a reasonable jury in Plaintiff's favor. In other words, they must show that no reasonable jury could find that Menard's actions consciously disregarded the safety of their customers in a way that had a great probability of causing a substantial harm.

In their Response to the present Motion, Plaintiffs list fifteen facts which, in their opinion, support the notion that Menard showed a conscious disregard for the safety of Mr. West. Doc. #32, PageID #316–17. Many of these listed facts concern the fact that Mr. Bowersox was relatively new at operating a forklift, especially in situations which call for retrieving items on the third shelf. *Id.* Additionally, Plaintiff states that there were two prior incidents at this particular Menard store involving merchandise falling on customers within the previous three years.[2] *Id.* at PageID #317.

---

[2] The Response cites to Defendant's Supplemental Responses to Plaintiff's First Set of Interrogatories to support this assertion. *See* Doc. #31, PageID #306–07. Defendants'

8

Defendants respond by arguing that these facts as alleged do not reach the "great probability of causing a substantial harm" bar required here and that the prior incidents are not sufficiently related to permit them to be considered. Doc. #36, PageID #327-29.

The Supreme Court of Ohio has clarified that neither "mere negligence" nor recklessness by a tortfeasor are enough to permit a claim for punitive damages. *Preston v. Murty*, 512 N.E.2d 1174 (Ohio 1987); *Motorists Mut. Ins. v. Said*, 590 N.E.2d 1228 (Ohio 1992). Instead, a tortfeasor must have a "near certainty" that injury will be caused by the tortious behavior to justify a claim for punitive damages. *Motorists Mut. Ins.*, 590 N.E.2d at 1234. Additionally, Ohio courts have recognized that an employer may be liable for punitive damages if the danger existed to the customer base generally and does not require a specific showing with regard to the person actually injured. *See Sparks v. Meijer, Inc.*, No. 15CVC-1413, 2016 Ohio Misc. LEXIS 18018 (Ohio C.P. Aug. 9, 2016) (Permitting a claim for punitive damages relating to an injury caused by a sinkhole in the parking lot); *Farley v. Complete Gen. Constr.*, No. 12CVC-09-12394, 2014 Ohio Misc. LEXIS 9061 (Ohio C.P. Feb. 12, 2014) (Permitting a claim for punitive damages relating to an injury caused by a construction zone on an interstate highway).

---

responses to the interrogatories do not contain details about these two prior incidents explaining whether or to what extent they are similar to the incident that occurred here. *Id.*

The question here, therefore, turns on whether Menard had a "near certainty" that injury would befall a customer if Mr. Bowersox operated the forklift that day. To be sure, a "near certainty" is a high bar to meet for Plaintiffs. When the facts are viewed in the light most favorite to Plaintiffs, Menard prompted Mr. Bowersox, himself a novice forklift user, to retrieve a heavy pallet off a top shelf in the garden center. This maneuver was done without the supervision of a more seasoned operator and without an inspection of or a warning to the neighboring aisle. These actions do not, however, indicate that Menard had a "near certainty" that injury would befall a customer. To permit this claim for punitive damages to go forward the Court would be setting a dangerous precedent that would permit claims for punitive damages in almost any negligence or recklessness case. Without evidence showing a knowledge of the potential for injury or willing blindness thereof, Plaintiffs cannot present evidence sufficient to permit a reasonable jury to find in their favor on punitive damages.

Additionally, because Plaintiffs have not prosecuted their claims against John Doe Employees 1 and 2, any claim of punitive damages against them must also be dismissed.

Because Defendants have shown that no reasonable jury could find punitive damages are justified in this case, Defendants' Motion for Partial Summary Judgment is SUSTAINED.

IV.    **Conclusion**

For the reasons set forth above, the Motion for Partial Summary Judgment,

Doc. #24, is SUSTAINED.


Date: December 12, 2024

WALTER H. RICE
UNITED STATES DISTRICT JUDGE

11